No. 12,535.

REED ET AL. *v.* STATE SAVINGS BANK.

(25 P. [2d] 739)

Decided October 2, 1933.

Mr. SAMUEL H. KINSLEY, for plaintiffs in error.

Mr. J. ALFRED RITTER, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

ONE of the plaintiffs, Brackett K. Reed, was a householder in the city of Colorado Springs, the head of a family and the husband of Cornelia W. Reed. Brackett Reed acquired ownership of certain premises in the city of Colorado Springs, referred to throughout the testimony as 820 West Colorado avenue, upon which there was a dwelling house which he and his family occupied as a residence. Cornelia W. Reed caused the word "homestead" to be entered on the margin of the record title of this property, which was duly attested by the county clerk, and thereby such premises became and were their homestead, which thereafter they continuously occupied for several years. The complaint of the Reeds, plaintiffs herein, alleges that in April, 1928, the bank, defendant herein, brought a certain action in the district court of El Paso county against Reed and F. J. Vogler and thereafter, upon a trial of the action, a judgment was entered therein in favor of the plaintiff against the defendants for the approximate sum of $4,000, and afterwards in the month of May, 1928, the bank caused an execution to be issued upon the judgment, and caused the sheriff of El Paso county to levy upon and sell the premises and at the sale the bank bid the sum of $4,000 for the same, whereupon the sheriff of the county, who made the sale, issued to the bank his certificate of sale. The defendant's answer to this pending action denied the continuous residence of the plaintiffs in the West Colorado avenue property mentioned and for an affirmative defense alleged that in September, 1925, the plaintiff Brackett K. Reed, in whom the legal title to the property stood up to that time, sold this property at 820 West

Colorado avenue to one Frank J. Vogler, also known as F. J. Vogler, his son-in-law, who has continuously thereafter occupied the same as his home. The answer further alleges that in April, 1926, Mrs. Reed, one of the plaintiffs and the wife of Brackett, purchased certain other premises in Colorado Springs on which was situate a dwelling house which is referred to throughout the testimony as 106 South 7th street, and at the time of the purchase the Reeds removed their furniture and household goods from 820 West Colorado avenue, which theretofore they had occupied as a homestead, and occupied and made as their home the premises at 106 South 7th street, and thereafter used and occupied the dwelling house thereon as a home and residence. The answer further alleges that the claim of homestead on the part of the Reeds of this West Colorado avenue property was intentionally abandoned as such in the month of September, 1925, and that no homestead right or claim has since existed. As a third defense and counterclaim the answer alleges that since the commencement of the action and on April 2, 1929, the defendant received a deed from the sheriff of El Paso county to the premises in controversy at a sale by execution under the defendant's judgment against Reed and his wife.

The replication, in substance, denies that plaintiffs sold the property to Vogler or abandoned their homestead on the premises at 820 West Colorado avenue, and while plaintiffs admit their acquisition of the property at 106 South 7th street and their actual residence therein, from which they were duly registered as legal voters, they say that their occupancy thereof was only temporary and they deny any intention to abandon the homestead originally claimed at 820 West Colorado avenue or to acquire a permanent residence elsewhere. Upon the issues thus joined there was a trial by consent of counsel to the court without a jury. At the conclusion of the trial the trial court found all the controverted issues of

fact in favor of the defendant and entered judgment thereon in its favor.

An examination of this record discloses that there was conflicting evidence in the case, but we are impressed with the conviction, as was the presiding judge below, that the plaintiffs failed in their proof. In the findings made by the trial court the judge said that the sole question for determination is whether in fact the homestead claim of the plaintiffs was waived or abandoned. He further said that abandonment is a matter of intention which relates to the time of removal. The only evidence, even tending to show lack of intention to abandon their homestead, is the statement of the Reeds made on the witness stand that they did not so intend. The evidence in this case shows that there was an actual removal from the residence on West Colorado avenue in the summer of 1926, to a house on South 7th street which was owned by one of the plaintiffs. Plaintiffs furnished that home with furniture taken from the West Colorado avenue home and set up a new home in the South 7th street property. The court further said that whether there was an actual sale by the plaintiffs of the West Colorado avenue property to Vogler was not important, but there was an arrangement with Vogler by Brackett K. Reed for a sale, and the transaction with Vogler of itself manifests and throws light upon the intention of the plaintiffs at that time to dispose of the West Colorado avenue home as such and not to return to the same. It further appears from the evidence, as the trial court found, that while the plaintiffs were absent from the West Colorado avenue home and were living at the South 7th street residence, they temporarily removed from the latter home to another house, but they did not return to the West Colorado avenue home or manifest any intention to return there to live until after the levy and the sheriff's sale in this case had been made. In substance, the trial court found that the plaintiffs actually removed from their West Colorado avenue property and intended to, and

did, abandon the same, and thereafter made their home and residence in the South 7th street premises. From our own reading of the testimony we believe that the trial court was justified in its findings of fact, that there was an abandonment by the plaintiffs of their former home at West Colorado avenue and that they acquired, and intended to acquire, a new home and residence at South 7th street.

So far as this case is concerned it is not important whether or not a strict or a liberal construction of the homestead statute is given. Assuming with the plaintiffs that a liberal construction in favor of the homesteader is the proper one, and giving to them the benefit of the doubt, if any, upon that point, nevertheless, if the trial court believed the defendant's witnesses, as evidently it did, its findings were abundantly justified. It would serve no useful purpose to review the testimony at greater length. We refer specifically only to the testimony of one Wilhite, who was a contractor and a builder and at one time did some work for Frank J. Vogler upon the West Colorado avenue property in September, 1925, when Vogler was then living in the same. Wilhite testified that the work consisted of taking out a fireplace and rebuilding it and other similar jobs, and that his charges for the work amounted to more than one hundred dollars, which were paid to him by Vogler. The witness further testified that while he was engaged in the work upon this building, plaintiff Reed was upon the premises several times while the work was in progress and that upon one occasion Wilhite remarked to him that it was a pretty good old house that Vogler was buying, to which Reed replied: "Yes, it was my home, but Frank is taking it over, and it will be his when he gets it paid for," or something to that effect.

The trial judge evidently did not believe the testimony of the plaintiffs that they did not intend to abandon the West Colorado avenue premises as a homestead. The trial judge was better able to pass upon the credibility of

the witnesses than we are. The evidence produced by the defendant, if believed to be true by the trial judge, as it was, justifies its findings, and the judgment thereupon in favor of the defendant must be, and it is, affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.